IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HERSHALL JOSEPH SHELLEY § <br> PLAINTIFF § <br> § <br> V. § <br> § <br> COLORADO STATE UNIVERSITY, § <br> Colorado State Board of Agriculture, § <br> in its capacity as the entity charged with § <br> the general control and supervision of § <br> Colorado State University, § <br> DEFENDANTS § | CIVIL NO. 1:14-CV-516-LY |

**PLAINTIFF SHELLEY'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM, AND, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff Shelley files these motions to dismiss Defendants motions to dismiss for lack of subject matter and personal jurisdiction, failure to state a claim, and, in the alternative, for a more definite statement as authorized by the Federal Rules of Civil Procedure 12 (b) (1), 12(b)(2), 12(b)(6), and 12 (e).

### I.   INTRODUCTION

1.   Plaintiff, Hershall Joseph Shelley, sued Colorado State University (CSU) on April 30, 2014 in a lawsuit styled Hershall Joseph Shelley v. Colorado State University, Cause No. D-1-GN-14-001245, in the 200th Judicial District Court of Travis County, Texas. On June 3, 2014, CSU filed a notice of removal to this Federal Court based on diversity jurisdiction. Defendant CSU is a public university in Colorado, but has a distance degree program component that enrolled several students (one being Hershall J. Shelley) in Texas. Plaintiff Shelley was enrolled in the employee education plan and Dell Computer Corporation paid

eighty (80) percent and Shelley paid twenty (20) per cent from his pocket by way of business checks for three (3) courses. This was a contractual agreement and thereby a business contract between Shelley, Dell Computer, and another Dell employee and CSU. CSU used deception to request and obtain a $17,000 computer simulation seminar contract that Shelley is alleging that CSU and Duff charged for two (2) more students (about $3400) than attended from Texas. Plaintiff Shelley was the host for Dell Computer Corporation and alleges that he was deceived by CSU and Duff. CSU had to submit business corporation papers to Dell Computer to obtain this business opportunity. Therefore, it is alleged that Plaintiff Shelley and Dell was violated in Texas.

2. Plaintiff Shelley sued CSU and Duff for violations of the Texas Deceptive Consumer Protection Act, Texas Business Code, violations to the elderly, breaching one and more contracts after CSU and Duff performed conferral of the PhD, PhD hooding of the degree to Plaintiff Shelley in front of 3,000 viewers on May 13, 2005. CSU, President Larry Penley, Vice Provost Dorhout, the Dean of the Graduate School, current President Tony Frank congratulated Plaintiff Shelley on May 13, 2005. And they even placed this graduation announcement information in the Colorado newspapers and sent notices by US mail of this event to Plaintiff Shelley by way of the Chairman of the Mechanical Engineering Department and others for many years after this event on May 13, 2005. See Exhibit 1

3. This suit should be granted and not be dismissed for lack of jurisdiction, and because the pleadings support and state a claim upon which relief may be granted with money damages. The Department of Education has said that a suit is proper where an entity is located or conducts business. And CSU and Duff certainly conducted business in Texas in multiple ways and on several occasions. See Exhibit 2.

I.  **ARGUMENT FOR NOT GRANTING DISMISSAL FOR LACK OF JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and (2).**

4.  This case should not be dismissed because Colorado State University conducted business in Texas. First, CSU did employee training for $17,000 with the intent to be deceptive in dealing with the Dell Corporation and Plaintiff Shelley. CSU and Duff obtained a $3257 Dell Computer and never returned this property to Plaintiff Shelley. See Exhibit 3, 4, 5 and 6. CSU and Duff violated Texas Penal Code Section 31.03 (2) using theft as the vehicle to use-- to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner. Secondly, promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue with evidence of intent or knowledge is sufficient proof that the actor did intend to perform or knew the promise would not be performed. See Exhibit 2. Thirdly, to dispose of property in a manner that makes recovery of the property by the owner unlikely. CSU and Duff gave Dell Notebook Computer to some entity and could not give receipt to Plaintiff Shelley.

5.  CSU personal jurisdiction is not valid because they violated a tort of personal property and injury to Plaintiff Shelley. **Tort** laws are laws that offer remedies to individuals harmed by the unreasonable actions of others. **Tort** claims usually involve state **law** and are based on the legal premise that individuals are liable for the consequences of their conduct if it results in injury to others (McCarthy & Cambron-McCabe, 1992). The loss of the Dell Notebook computer worth $3257, the loss of $40,000 to CSU and Duff obtained in tuition and living expenses, the loss of Plaintiff $48,248 in E*TRADE Dell stocks, and the approximately

Page 3 of 10

$260,000 in Dell 401k funds that CSU and Duff obtained from Plaintiff Shelley for tuition, fees and expenses over thirteen (13) years.

**A. Lack of Personal Jurisdiction**

6. The Court should not dismiss this case for lack of personal jurisdiction over CSU. The style of this case was intended to include COLORADO STATE UNIVERSITY, Colorado State Board of Agriculture, in its capacity as the entity charged with the general control and supervision of Colorado State University.

7. CSU is a state university, but the pleadings and the styled case allows for CSU to be sued in state and district court in Texas.

8. The state and federal court does have jurisdiction over CSU because defendant knowingly entered into a Dell Computer Corporation contract on multiple occasions in Texas. The first was with a $17,000 manufacturing simulation business contract with over ten (2) employees at Dell. The second was with Plaintiff Shelley as a PhD distance student at CSU. The third was with Robert Fleming, a distance undergraduate student at CSU. Each student had to enter into the CSU distance student contract, pay money for the course and receive the product, which was the grade. Plaintiff Shelley paid his student fees and expenses through his business company account.

9. CSU had a business relationship in Texas by obtaining and operating a business contract to train over ten (10) Dell Computer Corporation employees. Plaintiff Shelley was one of these ten (10) CSU and Duff manufacturing simulation students. CSU and Duff through their distance students program had a contract to pay fees and expenses for their education, which was the product of CSU. Plaintiff Shelley is alleging that money damages arose from or related to these CSU and Duff activities while operating in Texas. CSU and Duff

benefited by approximately $17,000 for this business opportunity in Texas. Then, it is alleged that CSU and Duff benefited by $3257 for a Dell Notebook Computer, $40,000 in tuition and expenses, $23,000 of National Science Foundation funds in tuition, expenses and fees, $48,248 from Dell stocks, and approximately $260,000 in Dell 401k funds for expenses over thirteen years.

10. Duff works for CSU as a professor in the College of Engineering and as a professor of distance students in the On-line Distance Study Program. Duff enrolls students to fill his on campus and off campus distance courses. Duff is an employee of CSU. Therefore, the lack of training or negligence by him falls as a liability on CSU as damages. CSU has insurance for negligence and tort damages caused by their professors. Duff works for CSU and CSU is liable for his actions while dealing with CSU businesses and students. Duff wanted to charge Dell students who did not attend the Dell manufacturing simulation course. I told him that this would be wrong and not to do this to Dell. Plaintiff Shelley is alleging that CSU and Duff charged for these Dell employees and when layoffs announcements' were made his name can up sooner for lack of funds for him as a Dell employee. Duff and CSU base their annual budgets for raises, expenses, etc., on faculty to obtain more CSU students. CSU and Duff noted this opportunity to obtain more monies through training and increased enrollment by coming to Texas. The bait and switch of conferring the PhD in May 13, 2005, and later saying take a lesser degree is a standard trick to reduce your liability. Plaintiff Shelley had designs on getting a job in New York or Alabama, but because of CSU and Duff bait and switch actions from PhD to masters this injured Plaintiff Shelley.

11. The PhD to masters, bait and switch, was offered while Plaintiff Shelley was in Texas.

Plaintiff Shelley talked to a student named Omar in 2004. Omar indicated Professor Allen Kirkpatrick, the chairman of the department, was tired of dealing with Duff and these OnLine PhD student complaints. And that Duff was shutting this PhD program down soon. All of the above shows why CSU and Duff are handing out negative actions in the form of torts to Texas and out of Colorado state students. CSU and Duff did the same to Ernst Perrier (black) and Ulises Martinez (Mexican) too. Now that CSU and Duff have increased their on campus enrollments they are discriminating against Texas (over 40 and black and part Native American Indian) and other state students too. See Exhibit 7, 8 and 9.

12). Plaintiff Shelley has shown that the Court that CSU targets more Texas and out of Colorado students. Plaintiff Shelley was told by Duff that "You Texas students think that you have it mighty good." He indicated that because you have had more presidents (LBJ, Big Bush and Little Bush) from Texas that your economy is pretty good to support more students.

13). Plaintiff alleges that more torts actions were committed in Texas. And Texas Court is the only fair place for this trial. Colorado generated this tort for Plaintiff Shelley conferring his PhD in May 13, 2005. Incorrectly leading Plaintiff Shelley with the promise of being done with his PhD in Colorado and then creating Texas deceptive consumer protection Act, Texas Business Code violations, breaching one (told President Penley at CSU that he was done) and two obtaining $1M manufacturing data from Dell Computer Corporation (Richard Kromm) under the false intentions of helping Plaintiff Shelley at CSU.

14). CSU and Duff had three contracts and contacts with Plaintiff Shelley, over ten (10) with Dell students and the Dell Computer Corporation in Texas.

**B. Lack of Subject Matter Jurisdiction: Eleventh Amendment/Sovereign Immunity**

15. The Eleventh Amendment of the U.S. Constitution was ratified in 1798 in order to overrule the Supreme Court's decision that a South Carolina citizen could sue the state of Georgia for money damages. [Chisholm v. Ga., 2 U.S. 419 (1793)].

16. The same as in 15, you can sue for money damages and negligence actions.

17. The same as in 15, you can sue for money damages and negligence actions.

18. The same as in 15, you can sue for money damages and negligence actions.

**C.   Lack of Subject Matte Jurisdiction: Governmental Immunity**

19. The Colorado Governmental Act does not protect CSU and Duff from money damages and negligence actions.

20. Plaintiff alleges that CSU and Colorado State Board of Agriculture has been sued and lost in the past.

21. The Colorado Governmental Act does not protect CSU and Duff from money damages and negligence actions.

22. The Colorado Governmental Act does not protect CSU and Duff from money damages and negligence actions.

23. The Colorado Governmental Act does not protect CSU and Duff from money damages and negligence actions.

**D. Lack of Subject Matter Jurisdiction: Standing as to Texas Penal Code**

24. The Texas Penal Code is justifying jurisdiction for the Court.

25. The Texas Penal Code is justifying jurisdiction for the Court.

## II. ARGUMENT FOR DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

26. Plaintiff requests Defendant's motion to dismiss for failure to state a claim, and, in the alternative, for a more definite statement be denied.

27. Plaintiff asks the Court not to dismiss suit. This complaint meets the standards of fair notice and plausibility.

**A. Plaintiff Pleads Facts Giving Fair Notice Of His Claims Against Defendants or Showing His Claims Are Plausible Under Federal Rule of Civil Procedure 12 (b) (6).**

28. Plaintiff Shelley did give fair notice of his claims or showing his claims are plausible under FRCP 12b) (6).

29. Plaintiff Shelley did give fair notice of his claims or showing his claims are plausible under FRCP 12b) (6).

30. Plaintiff Shelley did plead sufficient facts to CSU

31. Plaintiff Shelley did give facts to support unfair elderly treatment under TDCP Act

32. Plaintiff Shelley alleged a breach of contract against CSU and Duff.

33. Plaintiff Shelley under Colorado State Board of Agriculture, in its capacity as the entity charged with the general control and supervision of Colorado State University, has only to sue the entity.

34. Denied

35. True

36. True

37. True

38. True

39. True

40. No Comment at this time

41. No Comment at this time

42. No Comment at this time

43. No Comment at this time

44. No Comment at this time

By: /s/ Hershall Joseph Shelley
Hershall Joseph Shelley
2401 Greenlee Drive
Austin, Texas 78703
Telephone: (512) 477-316
Hershallshelley077@gmail.com

**PLAINTIFF HERSHALL JOSEPH SHELLEY,** *Pro Se*

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **PLAINTIFF SHELLEY'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION, FAILURE TO STATE A CLAIM, AND, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** has been served to the Court and by First Class Mail upon the listed below on June 23, 2014

Nanneska N. Hazel
114 W. 7th Street, Suite 1100
Austin, Texas 78701
Tel: (512) 495-1400
Attorney for Defendants