IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUL 11 PM 4:46
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| HERSHALL JOSEPH SHELLEY § <br> PLAINTIFF § <br> § <br> v. § <br> § <br> COLORADO STATE UNIVERSITY, § <br> Colorado State Board of Agriculture, § <br> in its capacity as the entity charged with § <br> the general control and supervision of § <br> Colorado State University, § <br> DEFENDANTS § | CIVIL NO. 1:14-CV-516-LY |

## **PLAINTIFF SHELLEY'S MOTION TO AMEND ORIGINAL COMPLAINT**

Plaintiff Shelley files this motion to amend original complaint as authorized by the Federal Rules of Civil Procedures (FRCP) based on age, race, color, national origin and retaliation. And those provisions of the Texas Consumer Protection Statutes and the Deceptive Trade Practice Act (DTPA) in Texas.

## INTRODUCTION

1). Plaintiff, Hershall Joseph Shelley, sued Colorado State University (CSU)/Colorado State Board of Agriculture (later identified in this document as CSU) on April 30, 2014 in a lawsuit styled Hershall Joseph Shelley v. Colorado State University, Cause No. D-1-GN-14-001245, in the 200th Judicial District Court of Travis County, Texas. On June 3, 2014, CSU filed a notice of removal to this Federal Court based on diversity jurisdiction. Defendant CSU is a public university in Colorado, but has a distance degree program component that enrolled several students (Hershall J. Shelley, Robert Fleming, Robert Schneider, etc) in Texas. Plaintiff Shelley was enrolled in the employee education plan and Dell Computer Corporation paid eighty (80) percent and Shelley paid twenty (20) per cent from his pocket

by way of business checks for three (3) courses. This was a contractual agreement and thereby a business contract between Shelley, Dell Computer, Dell employees and CSU/Colorado State Board of Agriculture. CSU used deception to request and obtain a $17,000 computer simulation seminar contract that Shelley is alleging that CSU and Duff charged for two (2) more students (about $3400) than attended from Texas. Plaintiff Shelley was the host for Dell Computer Corporation and alleges that he was deceived by CSU and Duff. CSU had to submit business corporation papers to Dell Computer to obtain this business opportunity. Therefore, it is alleged that Plaintiff Shelley and Dell was violated in Texas.

2). Plaintiff Shelley sued CSU and Duff for violations of the Texas Deceptive Consumer Protection Act, Texas Business Code, violations to the elderly, breaching one and more contracts after CSU and Duff performed conferral of the PhD, PhD hooding of the degree to Plaintiff Shelley in front of 3,000 viewers on May 13, 2005. See Exhibit 1. CSU, President Larry Penley, Vice Provost Dorhout, the Dean of the Graduate School, current President Tony Frank congratulated Plaintiff Shelley on May 13, 2005. See Exhibit 2 And they even placed this graduation announcement information in the Colorado newspapers and sent notices by US mail of this event to Plaintiff Shelley by way of the Chairman of the Mechanical Engineering Department and others for many years after this event on May 13, 2005.

3). This suit should be granted for Texas jurisdiction, because the pleadings support and state a claim upon which relief may be granted with money damages. The Department of Education has said that a suit is proper where an entity is located or conducts business. And CSU and Duff certainly conducted business in Texas in multiple ways and on several

occasions. See Exhibit 4.

## Jurisdiction and Venue

4). Jurisdiction and venue is proper in Texas under 28 U.S. Code § 1391 (b) (2)--a judicial district court has jurisdiction when a substantial part of the **events** or omissions giving rise to the claim occurred, or a substantial part of **property** that is the subject of the action is situated. Plaintiff Shelley was at all times and events a Texas resident, who was a distance student at Colorado State University, but voted and lived in Austin, Texas. Colorado would not give Plaintiff Shelley state funds for education, and Allen Kirkpatrick, the mechanical engineering chairperson, told him to return to Texas for funds. The Dell Inc. gave Plaintiff Shelley funds.

5). Colorado State University did not like Texas or Plaintiff Shelley. CSU and Duff indicated on multiple occasions that Texas had too many resources. CSU did give state funds to David A. Hodgson (less than 40 years), and Horizon Briggs (less than 40 years), both residents of Colorado.

| Texas Events and Times | Colorado Times and Events |
|---|---|
| 12 ¾ Years | ¼ Years |

Plaintiff Shelley property losses were in Texas.

| Texas Property | Colorado Property |
|---|---|
| $3,257.67 Stolen Dell Computer | $23,000 Nat. Science Foundation |
| $40,000 Dell Scholarship Funds | |
| $33,000 Dell Stocks | |
| $15,000 Dell Stocks | |

$260,000 Dell 401k

6). This action alleging elderly age and deceptive violations of the Texas Consumer Protection Statutes, the Deceptive Trade Practice Act (DTPA) is the Texas's primary consumer protection statute, and is applied to elderly residences of Texas. They are codified under the Texas Penal Code Title 7, Offense Against Property, Chapter 31 Theft, Section 31.01 2 (A) to withhold property from the elderly owner permanently, Chapter 32 Fraud (b) a person commits an offense if he forges a writing with intent to defraud or harm another person…trial of the offense that the offense was committed against an elderly individual over sixty (60) years of age. Texas Business Code Section 26.01. A promise or agreement described in Subsection (b) of this section is enforceable by promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him or her - See more at: http://codes.lp.findlaw.com/txstatutes/BC/3/26/26.01#sthash.t1AkABJ2.dpuf(a) A promise or agreement described in Subsection (b) of this section is enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him - See more at: http://codes.lp.findlaw.com/txstatutes/BC/3/26/26.01#sthash.t1AkaBJ2.dpuf

7). This action also alleging Section 102.003 Texas Human Resources Code and a breach of contract ("Contract") claims and deception arising under Texas state law while Colorado State University and Colorado State Board of Agriculture was operating, and conducting business in Texas. Defendant Duff had academic and classroom issues with other CSU students. In ME 409, he failed to disclose this to Plaintiff Shelley and Dell while doing

business in Texas. Plaintiff Shelley would not have enrolled at CSU and Dell would not have allowed CSU and Duff to perform training with such a poor record. See Exhibit 1.

a) An elderly Texas individual has all the rights, benefits, responsibilities, and privileges granted by the constitution and laws of this state and the United States, except where lawfully restricted. The elderly individual has the right to be free of interference, coercion, discrimination, and reprisal in exercising these civil rights and freedom of speech.

8). All conditions precedent have been exhausted and/or performed prior to the filing of this complaint: Plaintiff Shelley raised the issues of elderly age, and deceptive discrimination with the Texas Consumer Protection Commission on January 16, 2014.

Defendant Duff treated Don Lynch (Anglo student) differently that Plaintiff Shelley (black student) with at CSU. Duff allowed Lynch to use Diamond Electric company data, but did not permit Plaintiff Shelley to use the $1M Dell data for research topic. .

In addition, Duff asked Richard Kromm for shipping data in violation of FCC rules. This was Martha Stewart type data and created a deceptive environment for Plaintiff Shelley and his association with Dell and Colorado State University.

9). The jurisdiction of this Court is involved under the Texas Penal Code Texas Consumer Protection Statutes, the Deceptive Trade Practice Act (DTPA) and Texas Business Code. Title 7, Offense Against Property, Chapter 31 Theft, Section 31.01 2 (A) to withhold property from the elderly owner permanently, Chapter 32 Fraud (b).

10) The acts or omissions, breach of contract, bait and switch from PhD to master' degree, which serve as the basis for this cause of action, occurred in Travis County, State of Texas; therefore venue is proper in this Court. Plaintiff Shelley has always resided and lived in

Travis County. Colorado State University through Professor William S. Duff saw an opportunity for deception action toward Plaintiff Shelley and the Dell Computer Corporation of a $3,252 Dell Computer See Exhibit 3. Also, the Defendant by incorrect charges for a computer simulation seminar (allegedly charging for several persons who did not participate), having Plaintiff Shelley to use Dell Computer funds for ME 510 Capital Budgeting ($1700), ME 512 Reliability Engineering ($1700) and ME 513 Simulation Fundamentals ($1700) courses for a PhD program. Later, the Defendant Duff violated Texas Business Code violations, conducted a bait and switch and offered Plaintiff Shelley a master's degree in breach of the original agreement provided to Plaintiff Shelley by President Penley, Dean Patrick Pelliguine, and El-Hakim at Colorado State University. See Exhibits 4, See Exhibits 5, 6, 7 and 8 for financial damages and Texas Deceptive Consumer Protection Act email.

## Parties

1. Plaintiff Hershall Joseph Shelley is a natural person whose primary residence is and has always been at 2401 Greenlee Drive, Austin, Texas Travis County, Texas. Plaintiff Shelley was a distance student while employed at the Dell Computer Corporation in Austin, Texas. Plaintiff Shelley alleges that Colorado State University and other defendants reported him to the National Science Foundation as a regular and not a distance student. Colorado State University could not find enough Colorado students to claim their part of a $5 million National Science Foundation (NSF) Alliance for Graduate Educational Professoriate grant for five or more years. Defendants Colorado State University and Duff used and made intimidation and harassment threats of punishment to keep Plaintiff Shelley silence in fear or retaliation about the Dell computer and different treatment to him as a black and part Native

American Indian student at Colorado State University. Brenda Sabbagh, Robert Schneider and other Dell Inc., employees' were Texas residents violated by deceptive consumer product and bad business treatment by CSU and Duff through the deceptive administration of the manufacturing simulation training at the Dell Inc. See Exhibits A, B and C.

## Statement of Facts

1). This case will consist of three causes of action: elderly age discrimination based on both race (black and Native American Indian) and retaliation, deception of consumer protection and breach of contract/agreement to bait and switch methods toward the elderly.

2). Plaintiff Hershall Joseph Shelley was employed at the Dell Computer Corporation in Austin, Texas. Plaintiff Shelley was at all times a full time reside of Texas.

3). Defendant Duff told Plaintiff Shelley after he became a Colorado State University distance student to get him a funded seminar contract at the Dell Computer Corporation in Austin, Texas.

4). Defendant Duff and Colorado State University came to Texas to cause financial harm to Plaintiff Shelley and the Dell Computer Corporation employee's.

5). Plaintiff Shelley got Defendant Duff a $17,000 computer simulation seminar contract at Dell based on his false intentions. It is alleged that CSU and Duff true intentions were to get funds for Colorado State University by deceptive trade and practices.

6). Plaintiff Shelley alleges that Defendant Duff did not return funds for several Dell participates that did not attend (about $3000). Plaintiff Shelley told him that this was the correct and righteous thing to do. Plaintiff Shelley alleges that Defendant Duff did not do correct business.

7). Plaintiff Shelley was laid off from the Dell Computer Corporation.

8). Defendant Duff suggested that Plaintiff Shelley come to Colorado to attend Colorado State University. Defendant Duff used Plaintiff Shelley's race to obtain National Science Foundation (NSF) funds, but made no efforts to obtain state of Colorado funds like he did for David A Hodgson (Anglo student and less than 40).

9). Dr. Omina El-Hakim made an attempt to obtain state of Colorado (RA or TA) funds for Plaintiff Shelley. However, he was turned down by Chairperson Allen Kirkpatrick. But RA and TA funds were found for Horizon Briggs, a similar National Science Foundation (AGEP) scholar in the Mechanical Engineering Department at CSU. Plaintiff Shelley was told that he should go back to Texas and travel back and forward to Colorado State University.

10). Defendant Duff told Plaintiff Shelley "what am I going to get out of getting Plaintiff Shelley the NSF funds?"

11). Plaintiff Shelley passed all CSU classes and maintained a 3.57 GPA.

12). Plaintiff Shelley passed the CSU Mechanical Engineering Diagnosis exams.

13). Plaintiff Shelley passed the CSU Mechanical Engineering Proposal.

14). Plaintiff Shelley was graduated by President Larry Penley and Vice President of the Graduate School, Dr. Patrick Pelican at Colorado State University. CSU placed Plaintiff Shelley's PhD into the public domain by official University publication and numerous US mailings to him.

15). President Penley and Dean Sandra Woods told Plaintiff Shelley to report stolen computer to CSU OEO and they would prevent retaliation against Plaintiff Shelley.

16). Defendant Duff told Plaintiff Shelley he would give him favorable treatment like he did for Robert Meeks and Donald Lynch PhD students, if he took back the second Dell Computer.

17). Defendant Duff took second Dell computer, with FERPA student records and gave to some Colorado charity in order to prevent Plaintiff Shelley from getting it back.

This was a contractual agreement and thereby a business contract between Shelley, Dell Computer, and another Dell employee and CSU. CSU used deception to request and obtain a $17,000 computer simulation seminar contract that Shelley is alleging that CSU and Duff charged for two (2) more students (about $3400) than attended from Texas.

18). The Texas district court jurisdiction is valid because they violated a tort of personal property and injury to Plaintiff Shelley and Dell employees in Texas. **Tort** laws are laws that offer remedies to individuals harmed by the unreasonable actions of others. **Tort** claims usually involve state **law** and are based on the legal premise that individuals are liable for the consequences of their conduct if it results in injury to others (McCarthy & Cambron-McCabe, 1992). The loss of the Dell Notebook computer worth $3,257, the loss of $40,000 from Plaintiff and Dell. CSU and Duff obtained tuition and fees, the loss of Plaintiff $48,248 in E*TRADE Dell stocks, and the approximately $260,000 in Dell 401k funds that CSU and Duff obtained from Plaintiff Shelley for tuition, fees and expenses over thirteen (13) years.

19). The Court has personal jurisdiction over CSU/Colorado State Board of Agriculture. CSU is a state university, but receives federal funds. The pleadings and the styled case allows for CSU to be sued in state and district court in Texas.

This suit should be granted for jurisdiction, and because the pleadings support and state a claim upon which relief may be granted for money damages. The Department of Education has said that a suit is proper where an entity is located or conducts business. And CSU and Duff certainly conducted business in Texas in multiple ways and on

several occasions. Deceptive and bad business with Plaintiff Shelley, Brenda Sabbagh, Robert Schneider and other Dell Inc., employees from 2001 to 2013. See Exhibit 2.

20. CSU had a business relationship in Texas by obtaining and operating a business contract to train over ten (10) Dell Computer Corporation employees. Plaintiff Shelley was one of these ten (10) CSU and Duff manufacturing simulation students. CSU and Duff through their distance students program had a contract to pay fees and expenses for their education, which was the product of CSU. Plaintiff Shelley is alleging that money damages arose from or related to these CSU and Duff activities while operating in Texas. CSU and Duff benefited by approximately $17,000 for this business opportunity in Texas. Then, it is alleged that CSU and Duff benefited by $3257 for a Dell Notebook Computer, $40,000 in tuition and expenses, $23,000 of National Science Foundation funds in tuition, expenses and fees, $48,248 from Dell stocks, and approximately $260,000 in Dell 401k funds for expenses over thirteen years.

21. Defendant Duff works for CSU as a professor in the College of Engineering and as a professor of distance students in the On-line Distance Study Program. Defendant Duff enrolls students to fill his on campus and off campus distance courses. Defendant Duff is an employee of CSU. Therefore, the lack of training or negligence by him falls as a liability on CSU as damages. CSU has insurance for negligence and tort damages caused by their professors. Defendant Duff works for CSU and CSU is liable for his actions while dealing with CSU businesses and students. CSU and Defendant Duff wanted to charge Dell students who did not attend the Dell manufacturing simulation course. I told him that this would be wrong and not to do this to Dell. Plaintiff Shelley is alleging that CSU and Duff charged for these Dell employees and when layoffs

announcements' were made his name can up sooner for lack of funds for him as a Dell employee. Defendant Duff and CSU base their annual budgets for raises, expenses, etc., on faculty to obtain more CSU students. CSU and Duff noted this opportunity to obtain more monies through training and increased enrollment by coming to Texas. The bait and switch of conferring the PhD in May 13, 2005, and later saying take a lesser degree is a standard trick to reduce your liability. Plaintiff Shelley had designs on getting a job in New York or Alabama, but because of CSU and Duff bait and switch actions from PhD to masters this injured Plaintiff Shelley.

22. The Eleventh Amendment of the U.S. Constitution was ratified in 1798 in order to overrule the Supreme Court's decision that a South Carolina citizen could sue the state of Georgia for money damages. [Chisholm v. Ga., 2 U.S. 419 (1793)].

23. Plaintiff alleges that more torts actions were committed in Texas. And Texas Court is the only fair place for this trial. Colorado generated this tort for Plaintiff Shelley conferring his PhD and PhD hooding in May 13, 2005. Incorrectly leading Plaintiff Shelley with the promise of being done with his PhD in Colorado and then creating Texas deceptive consumer protection Act, Texas Business Code violations, breaching one (told President Penley at CSU that he was done) and two obtaining $1M manufacturing data from Dell Computer Corporation (Richard Kromm) under the false intentions of helping Plaintiff Shelley at CSU.

24. CSU and Duff had three contracts and contacts with Plaintiff Shelley, over ten (10) with Dell students and the Dell Computer Corporation in Texas.

25. On or about November of 2011, CSU President Frank indicated by email that no retaliation would occur for reporting crimes or bad conduct by faculty, staff or students

at CSU.  Plaintiff Shelley reported the stolen Dell computer to President Frank.  No reply or action was taken by President Frank's.  Later, the CSU and Defendant Duff that a receipt was available, but never given to Plaintiff Shelley.

## DAMAGES

1). Because of statutorily impermissible and willful, if not malicious, acts of Colorado State University, and its representative William S. Duff.  Plaintiff Shelley has suffered loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of career advancement.  As a consequence of the unlawful and outrageous actions of Colorado State University and Duff, Plaintiff Shelley has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.  Shelley seeks reinstatement with PhD credentials or monies back, compensatory and exemplary damages, punitive damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law.

## RELIEF REQUESTED

Several paragraphs of this complaint are incorporated by reference and made a part of Relief One through Relief Five inclusive.

## EQUITABLE RELIEF

### Relief One

Equitable and compensatory damages are the only means of securing adequate relief for Plaintiff Shelley.  He suffered, is now suffering, and will continue to suffer irreparable injury from Colorado State University unlawful conduct as set forth herein until and unless enjoined by the Court.

### Relief Two

Plaintiff Shelley is asking Colorado State University to refund in the amount of $3,252.67 plus interest for the Dell Notebook that CSU and Dr. William S. Duff obtained and did not return to Plaintiff Shelley. Defendant Duff placed a negative photograph of the Statue of Liberty on the first computer that indicates a state of mind about the United States of America. See Exhibit 8.

## Relief Three

Plaintiff Shelley request Colorado State University to refund $40,000 plus interest to Michael S. Dell and the Dell Computer Corporation. Plaintiff Shelley had an agreement with Vice Thurman Woodward to repay Dell the $40,000 after obtaining the PhD from Colorado State University and going to work at some Historic Black College University (HBCU) or Native American Indian Tribe in the United States. This has not happened because of unequal treatment by Duff and other Defendants.

## Relief Four

Plaintiff Shelley is asking Colorado State University to return $23,000 to the National Science Foundation for educational and research funds obtained in a deceptive manner for him.

## Relief Five

Plaintiff Shelley is asking Colorado State University to return $48,248 deceptively taking from Plaintiff Shelley and approximately $260,000 in Dell 401k funds obtained by deceptive methods by Defendants Colorado State University and Duff. See Exhibit 9, 10, 11 and 12.

## PRAYER FOR RELIEF

Plaintiff Shelley requests the court grant reliefs to him as follows:

1). All equitable damages for violations for the Texas Deceptive Consumer Protection Act by Colorado State University;

2). compensatory damages for violation of the Texas Business Code by Colorado State University against Plaintiff Shelley

3). reasonable attorney's fees, together with his costs based upon the applicable statute;

4). all damages resulting from its breach of contract and agreement, and deceptive consumer treatment to the elderly

5). all damages resulting from its breach of agreement and bait and switch tactics.

6). all tort based damages for injuries suffered ($5,300) due to fall in snow due to negligence at CSU on April 17, 2013.

7). any and all other further relief as the Texas Court determines justice and equity to Plaintiff Shelley, the Dell Computer Corporation, and others.

## CONCLUSION

Plaintiff Shelley prays that this Court grant this lawsuit under 28 U.S. Code § 1391 (b) (2)--a judicial district court has jurisdiction when a substantial part of the **events** or omissions giving rise to the claim occurred, or a substantial part of **property** that is the subject of the action is situated in Texas. Colorado State University/Colorado State Board of Agriculture conducted business in Texas on multiple occasions: 1). offering manufacturing simulation training to over ten (10) Dell employees, 2). conducting distance classes to Plaintiff Shelley, Robert Flemings and other Dell employees over the years (2000-2005), and 3). during

business and courses with Solar Energy and Engineering Systems (2005-2013). See Exhibit 9 and 10.

Respectfully submitted,

*[signature]*

Hershall Joseph Shelley, Pro Se
2401 Greenlee Drive
Austin, Texas 78703
Tel: (512) 477-3136
Hershallshelley077@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PLAINTIFF SHELLEY'S MOTION TO AMEND ORIGINAL COMPLAINT** has been served via the Court's CM/ECF automatics electronic system and/or by First Class Mail upon the person listed below on July 11, 2014.

Nanneska N. Hazel
114 W. 7th Street, Suite 1100
Austin, Texas 78701
(512) 495-1400

**ATTORNEYS FOR DEFENDANT**