IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HERSHALL JOSEPH SHELLEY** | § | |
| | § | |
| v. | § | A-14-CA-516 LY |
| | § | |
| **COLORADO STATE UNIVERSITY** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, Failure to State a Claim, and, in the Alternative, for a More Definite Statement (Dkt. No.3); Plaintiff's Response (Dkt. No.5), and Defendant's Reply (Dkt. No.6). Also before the Court are Plaintiff's Motions to Amend Complaint (Dkt. No. 7 & 9), Defendant's Responses (Dkt. No. 8, 11 & 13), and Plaintiff's Reply (Dkt. No.12).

The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

While Plaintiff Hershall Joseph Shelley ("Shelley" or "Plaintiff"), a Texas resident, was employed at Dell Computer Corporation in Austin, Texas, he enrolled in an online and distance graduate Ph.D. program in the Department of Mechanical Engineering at Colorado State University ("CSU" or "Defendant"), located in Fort Collins, Colorado. It appears that Shelley was also a fellow in the Alliances for Graduate Education and the Professoriate program ("AGEP") at CSU, a program

run by the National Science Foundation to increase the number of minorities obtaining graduate degrees in science, technology, engineering and mathematics. After CSU did not confer a Ph.D. degree on Shelley, he filed the instant *pro se* lawsuit against CSU in the 200th Judicial District Court of Travis County, Texas. Although his lawsuit is not entirely clear, Shelley appears to allege breach of contract, age and race discrimination, and claims under the Texas Deceptive Practices and Consumer Protection Act and the Texas Business Code. *See Shelley v. Colorado State University*, No. D-1-GN-14-001245 (200th Dist. Ct., Travis County, Tex. Apr. 30, 2014).

On June 3, 2014, CSU removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant has now filed a Motion to Dismiss arguing that Shelley's lawsuit should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). In the alternative, CSU moves for a more definite statement.

## II.  ANALYSIS

### A.  Subject Matter Jurisdiction

Defendant argues that this Court lacks subject matter jurisdiction over this case under the Eleventh Amendment of the U.S. Constitution. "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002). "The state sovereign immunity doctrine is unique because it acts as an affirmative defense, while also containing traits more akin to a limitation on subject-matter jurisdiction." *Union Pacific R. Co. v. Louisiana Public Service Com'n*, 662 F.3d 336, 339 (5th Cir. 2011). While Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state, this immunity, like an affirmative defense, may be waived by the state. *Id.* Thus, a state's immunity

from suit "is not absolute," and the Supreme Court has recognized two circumstances in which a state may be sued. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). "First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance; [and s]econd, a State may waive its sovereign immunity by consenting to suit." *Id.*

CSU and its Board of Governors are considered state entities under Colorado law. *See* Colo. Const. art. VIII, § 5 (recognizing CSU as a "state institution of higher education. . .subject to the control of the state."); COLO. REV. STAT. §24-18-104(9) (state ethics code classifies statute institutions of higher learning as state agencies); *Ruotsinoja v. Bd. of Governors of the Colorado State Univ. Sys.,* 2014 WL 2057773, *3 (D. Colo. May 19, 2014) ("CSU and its Board are an arm-of-the-state."). *See also, Lewis v. Univ. of Texas Med. Branch at Galveston,* 665 F.3d 625, 630 (5th Cir. 2011) (holding that university as a state agency was entitled to immunity from § 1983 suit despite fact that plaintiff was seeking prospective injunctive relief). While the Eleventh Amendment grants a state immunity from suit in federal court, the state waives that immunity by removing the case to federal court. *Lapides*, 535 U.S. at 619-21. When a state voluntarily removes a case to federal court "it voluntarily invoke[s] the federal court's jurisdiction" and waives its immunity from suit in federal court. *Id.* at 620. Thus, by voluntarily removing this case to federal court, Defendant waived its immunity from suit under the Eleventh Amendment. *Id.* Therefore, Defendant's argument that this court lacks subject matter jurisdiction over Defendant under the Eleventh Amendment is without merit since it waived its sovereign immunity from suit by removing this case to federal court.[1]

---

[1]The Court notes that there is a distinction between immunity from suit in federal court, which a state may waive by removal to federal court, and immunity from liability. *See Meyers ex.*

B.     **Motion For Leave to Amend**

Defendant further argues that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction and for failure to state a claim.  In response to CSU's Motion to Dismiss, Shelley filed a Motion for Leave to File Amended Complaint (Dkt. No. 9)[2] and submitted a Proposed Amended Complaint (Dkt. No. 10). Shelley's Proposed Amended Complaint fails to comply with pleading requirements of Rule 8.  However, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend under Rule 15.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Based upon the foregoing, the undersigned recommends that the District Judge deny Defendant's Motion to Dismiss at this time and order Shelley to file an Amended Complaint which complies with Rule 8.  While Shelley's current Proposed Amended Complaint fails to satisfy the pleading requirements of Rule 8, the Court will give Shelley one more opportunity to comply with the Rules.  To comply with Rule 8, Shelley should file an Amended Complaint which clearly states:

---

*Rel. Benzing v. Texas*, 410 F.3d 236, 253 (5th Cir. 2005).  *In Meyers,* the Fifth Circuit held "that a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately– immunity from suit and immunity from liability." *Id.* at 252-3.  Thus, a state that waives its immunity from suit in a federal forum, may still invoke an immunity defense to liability that it would have enjoyed in state court under state law.

[2] Shelley filed an earlier motion to amend (Dkt. No. 7), but it was defective because it was simply an amended complaint labeled as a motion to amend.  A month later, Shelley filed a second motion. (Dkt. No. 9).  Because Shelley's original motion was defective, and because it is also now moot in light of the subsequently filed motion, Shelley's first Motion to Amend Original Complaint (Dkt. No. 7) is **DENIED.**

(1) who he is suing; (2) the specific claims he is alleging and what statutes or laws support those claims (*i.e.*, what state or federal statute is he invoking and/or if he is alleging a breach of contract, the specific contractual clause violated, etc.), and (3) and any relevant factual allegations that support those claims such as dates and individuals involved.  Shelley should further be warned that failure to comply with a Court Order could result in the dismissal of his lawsuit.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendant's Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, Failure to State a Claim, and, in the Alternative, for a More Definite Statement (Dkt. No.3).  The Court **FURTHER RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 9).  While Plaintiff's Proposed Amended Complaint (Dkt. No. 10) fails to comply with Rules 8 and therefore should be **STRICKEN**, is is **RECOMMENDED** that Plaintiff be given 20 days in which to file an Amended Complaint which complies with the instructions herein.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE