FILED

2014 NOV 21 PM 1:06

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ AD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HERSHALL JOSEPH SHELLEY §
PLANTIFF, §
§
§
§
V. § CAUSE NO. 1:14-CV-516 LY
§
§
COLORADO BOARD OF GOVERNORS, §
et al, in its capacity as the entity charged §
with the general control and supervision §
of Colorado State University, and the Dell §
Inc., Austin, Texas, et al §
DEFENDANTS,

## PLANTIFF SHELLEY's AMENDED COMPLAINT

### Introduction

1).     Defendants Colorado Board of Governors is the controlling entity for Colorado State

University. (CSU) at Fort Collins, Colorado.  CSU is a public university in Colorado that accepts

federal funds, but has a distance degree program component that enrolled several students

(Hershall J. Shelley, Robert Fleming, Robert Schneider, etc.,) in Texas.  The Federal Rules of

Civil Procedures and their statutes of limitations are not barred in this case.  Defendants did a

bait and switch (retaliation/imitation and used force to attempt to trade PhD for Masters) and

other deceptive consumer protection acts and violations during 2013 and 2014.  Defendant

President Tony Franks and Defendants wrote an email in November of 2011, promising no

retaliation for Plaintiff Shelley for reporting stolen Dell Computer by Duff and Defendants.  See

Exhibit 1.  President Frank acted in bad faith/committed fraud and this carries a four (4) years

statute of limitations, but the breach of contract/agreement did not occur until November 6, 2013.

2).     Plaintiff Shelley was first enrolled in the employee education plan and Dell Inc., paid

eighty (80) percent and Plaintiff Shelley paid twenty (20) per cent from his pocket by way of

business checks for three (3) courses.  This was a contractual agreement and thereby a business

contract between Plaintiff Shelley, Dell Inc., and Colorado Board of Governors.  The Colorado

Board of Governors, and Defendants used deception to request and obtain a $17,000 simulation

manufacturing seminar contract that Plaintiff Shelley is alleging that Defendants and Duff

charged for two (2) more students (about $3400) than attended from Texas.  One Dell employee

was Brenda Sabbagh, who was victimized by Colorado Board of Governors and Duff.  See

Exhibit 2.

3).     Plaintiff Shelley did not know about this until July 7, 2014.  Defendant Duff told Plaintiff

Shelley that he would only charge for those that attended the CSU simulation manufacturing

seminar, but Duff included two (2) more students.  Plaintiff Shelley was the host sponsor for Dell

Inc., and alleges that he was deceived by Defendants, CSU and Duff.  CSU had to submit

business corporation papers to Dell Inc., to obtain this business opportunity.  Therefore, it is

alleged that Plaintiff Shelley and the Dell Inc., was deceived and violated in Texas.  Defendants

and Duff promised Dell, Richard Komm and Plaintiff Shelley a signed dissertation in exchange

for approximately $1M in manufacturing data for Plaintiff Shelley to use for his National

Science Foundation Fellowship.  This email agreement is located on the Dell and the CSU

information technology storage systems.  Only the Defendants have access and Plaintiff Shelley

is suing for this access and it will be added to his case.  Plaintiff Shelley requested a copy of all

emails, but was denied by CSU in November of 2013.  In addition, Defendants were deceptive

and did not disclose poor CSU student evaluations by Duff.  And Plaintiff was transporting

FEPRA data from Colorado across Texas borders through late 2013. CSU students will sue Plaintiff Shelley and Dell for these federal violations. See Exhibits 3 and 4.

4).     Plaintiff Shelley is suing the Colorado Board of Governors and Duff for r violations of the Texas Deceptive Consumer Protection Act, Texas Business Code, violations to the elderly, breaching one and more contracts/agreements after Colorado Board of Governors, CSU and Duff performed conferral of the PhD, PhD hooding of the degree to Plaintiff Shelley in front of about 2,000 viewers on May 13, 2005, and did not inform him until 2014. See Exhibit 5. The Defendants, President Larry Penley, Vice President Peter Dorhout, the Dean of the Graduate School, and current President Tony Frank congratulated Plaintiff Shelley on May 13, 2005. And they even placed this graduation announcement information in the Colorado newspapers and sent notices by US mail of this event to Plaintiff Shelley by way of the Chairman of the Mechanical Engineering Department and others for many years after this event on May 13, 2005. .

5).     This Texas court has jurisdiction because the pleadings support and state a claim upon which relief may be granted with money damages in Texas. The United States Department of Education has said that a suit is proper where an entity is located or conducts business. And the Colorado Board of Governors and Duff certainly conducted business in Texas in multiple ways and on several occasions in 2001, 2003 and 2012.

### Jurisdiction and Venue

1).     This action alleging elderly and deceptive violations of the Texas Consumer Protection Statutes, the Deceptive Trade Practice Act (DTPA) is the Texas's primary consumer protection statute, and is applied to elderly residences of Texas. They are codified under the Texas Penal

Code Title 7, Offense Against Property, Chapter 31 Theft, Section 31.01 2 (A) to withhold property from the elderly owner permanently, Chapter 32 Fraud (b) a person commits an offense if he forges a writing with intent to defraud or harm another person…trial of the offense that the offense was committed against an elderly individual over sixty (60) years of age in Texas.

Texas Business Code Section 26.01. A promise or agreement described in Subsection (b) of this section is enforceable by promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him or her - See more at: http://codes.lp.findlaw.com/txstatutes/BC/3/26/26.01#sthash.t1AkABJ2.dpuf(a) A promise or agreement described in Subsection (b) of this section is enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing; and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

The May 13, 2005, Plaintiff Shelley graduation in 2005, PhD. hooding and announcement was signed by President Penley, and Dr. Peter Dorhout, Vice President of CSU Graduate School. And the names of the 2005 graduates were read by Ms. Lynne Warner and Ms. Mary Bovevers on May 13, 2005. See May 13, 2005, CSU Graduate School Commencement and Order of the Ceremony. See Exhibit. 6. This contract/agreement was breached October 25, 2013, and within the two (2) year statute of limitations. This allows venue and jurisdiction to be in Austin, Texas.

2). This action also alleging Section 102.003 Texas Human Resources Code and a breaches of contract ("Contract") claims and deception arising under Texas state law while Colorado Board of Governors (known as Colorado State University, "CSU) was operating and conducting business in Texas. Defendant Duff had academic and classroom issues with other CSU students.

In ME 409, he failed to disclose this to Plaintiff Shelley and the Dell, Inc., while doing business in Texas. Plaintiff Shelley and the Dell, Inc., would not have enrolled at CSU nor allowed Colorado Board of Governors and Duff to provide engineering consulting with poor record. See Exhibit 3 and 4.

3).      An elderly Texas individual has all the rights, benefits, responsibilities, and privileges granted by the constitution and laws of this state and the United States, except where lawfully restricted. The elderly individual has the right to be free of interference, coercion, discrimination, and reprisal in exercising these civil rights and freedom of speech.

4).      All conditions precedent have been exhausted and/or performed prior to the filing of this complaint: Plaintiff Shelley raised the issues of elderly age, and discrimination with the Texas Consumer Protection Commission on January 16, 2014.

Defendant Duff treated Don Lynch (Anglo students) differently that Plaintiff Shelley (black and Native American student) at CSU. Duff allowed Lynch to use Diamond Electric company data, but did not permit Plaintiff Shelley to use the $1M Dell data for research topic. See Exhibit 4. This breach of contract/agreement occurred May 3, 2013. And the breach of contract/agreement is within the two (2) year statute of limitations.

5).      The jurisdiction of this Court is proper under the Texas Penal Code Texas Consumer Protection Statutes, the Deceptive Trade Practice Act (DTPA) and Texas Business Code.

Title 7, Offense Against Property, Chapter 31 Theft, Section 31.01 2 (A) to withhold property from the elderly owner permanently, Chapter 32 Fraud (b). See Exhibits 1A and 1B. This is within four (4) years of statute of limitations of November 29, 2011.

6). The acts or omissions, breaches of contract, bait and switch from PhD to master' degree, occurred while Plaintiff Shelley was in Texas, and which serve as the basis for this cause of action, occurred in Travis County, State of Texas. Therefore, venue is proper in this Court. Plaintiff Shelley has always resided and lived in Travis County. The Colorado Board of Governors, CSU through Professor William S. Duff saw an opportunity for deception action toward Plaintiff Shelley and the Dell Inc. of a $3,252 Dell Computer. See Exhibit 7. Also, the Defendants by incorrect charges for a computer simulation seminar (allegedly charging for several persons who did not participate), having Plaintiff Shelley to use Dell Inc., funds for ME 510 Capital Budgeting ($1700), ME 512 Reliability Engineering ($1700) and ME 513 Simulation Fundamentals ($1700) courses for a PhD program. Later, Defendant Duff violated Texas Business Code violations, conducted a bait and switch and offered Plaintiff Shelley a master's degree for PhD in breach of the original agreement provided to Plaintiff Shelley by President Penley, Dean Patrick Pelliguine, and El-Hakim at Colorado State University.

7). Defendants forced Plaintiff Shelley to take Colorado student records across Texas borders in May of 2013 and October 2013. Therefore, the two (2) year statute of limitation is not barred for Plaintiff Shelley. .

8). Defendants harassed elderly Plaintiff Shelley by using plagiarism on defense exams. But Exhibits 11 and 12 shows plagiarism by Hodgson and Jang that was allowed. Defendants did not require that Hodgson and Jang submit to plagiarism discipline in 2013. Hodgson and Jang should be held to the same standards as Plaintiff Shelley. No plagiarism actions were taken by the Colorado Board of Governors and Defendants. See Exhibit 8

9).     The Colorado Board of Governors, CSU and Defendants did not like Texas or Plaintiff Shelley.  CSU and Duff indicated on multiple occasions that Texas had too many resources.  The Colorado Board of Governors and CSU did give Colorado state funds to David A. Hodgson (less than 40 years), and Horizon Briggs (less than 40 years), both residents of Colorado.

| Texas Events and Times | Colorado Times and Events |
|---|---|
| 12 ¾ Years | ¼ Years |

Plaintiff Shelley and Dell property losses were in Texas.

| Texas Property | Colorado Property |
|---|---|
| $3,257.67 Stolen Dell Computer | $23,000 Nat. Science Foundation |
| $40,000 Dell Scholarship Funds | |
| $145,000 Dell and Other Stocks | |
| $ 78,000 Dell 401k Funds | |
| $ 5,300 Medical Expenses fall due to snow negligence by | |
| Colorado Board of Governors and CSU | |
| $ 3,400 Overcharge for two (2) Dell employees | |

### Statement of Facts

1).  This case will consist of the following causes of action: elderly age discrimination and retaliation, deception of consumer protection and breach of contract/agreement to bait and switch from PhD to masters toward the elderly.

2).  Plaintiff Hershall Joseph Shelley was employed at the Dell Inc., in Austin, Texas. Plaintiff Shelley was at all times a full time reside of Texas.

3). Defendants and Duff told Plaintiff Shelley after he became a Colorado State University distance student to get them a funded seminar contract at the Dell Inc., in Austin, Texas.

4) .Defendants and Duff came to Texas to cause financial harm to Plaintiff Shelley and the Dell Inc. employee's.

5). Plaintiff Shelley through pressured teacher-student relationship got Defendant Duff a $17,000 computer simulation manufacturing contract at Dell based on his false intentions. It is alleged that Defendants and Duff true intentions were to get funds for Colorado State University by deceptive trade and practices.

6). Plaintiff Shelley alleges that Defendants and Duff did not return funds for several Dell participates that did not attend (about $3400). Plaintiff Shelley told him that this was the correct and the righteous thing to do. Plaintiff Shelley alleges that Defendants and Duff did not do correct business. Plaintiff Shelley is suing the Dell Inc. for that list of final names and why they let Duff and CSU deceive them. In the interest of justice, a correction is needed.

7). Plaintiff Shelley was laid off from the Dell Computer Corporation.

8). Defendant Duff suggested that Plaintiff Shelley come to Colorado to attend Colorado State University. Defendant Duff used Plaintiff Shelley's race to obtain National Science Foundation (NSF) funds, but made no efforts to obtain state of Colorado funds like he did for David A Hodgson (Anglo student and less than 40).

9). Dr. Omina El-Hakim made an attempt to obtain state of Colorado (RA or TA) funds for Plaintiff Shelley. However, he was turned down by Chairperson Allen Kirkpatrick. But RA and TA funds were found for Horizon Briggs, a similar National Science Foundation (AGEP) scholar in the Mechanical Engineering Department at CSU. Plaintiff Shelley was told that he

should go back to Texas and travel back and forward to Colorado State University for his education.

10).Defendant Duff told Plaintiff Shelley "what am I going to get out of getting Plaintiff Shelley the NSF Fellowship funds?" This was reported to Dean Sandra Woods, but no corrective action was done.

11). Plaintiff Shelley passed all CSU classes and maintained a 3.57 GPA.

12). Plaintiff Shelley passed the CSU Mechanical Engineering Diagnosis exams.

13). Plaintiff Shelley passed the CSU Mechanical Engineering Proposal.

14). Plaintiff Shelley was graduated by President Larry Penley and Vice President of the Graduate School, Dr. Patrick Pelican at Colorado State University. Colorado Board of Governors and Defendants placed Plaintiff Shelley's PhD into the public domain by official University publication and numerous US mailings to him.

15). President Penley and Dean Sandra Woods told Plaintiff Shelley to report stolen computer to CSU Office of Equal Opportunity (OEO) and they would prevent retaliation against Plaintiff Shelley.

16). Defendant Duff told Plaintiff Shelley he would give him favorable treatment like he did for Robert Meeks and Donald Lynch PhD students, if he took back the second Dell Computer.

17). Defendant Duff took the second Dell computer, with FERPA student records and gave to some Colorado charity in order to prevent Plaintiff Shelley from getting it back.

This was a contractual agreement and thereby a business contract between Plaintiff Shelley, Dell Inc., Dell employees, CSU not to commit acts of discrimination. CSU used deception to request and obtain a $17,000 simulation manufacturing seminar contract that Shelley is

alleging that CSU and Duff charged for two (2) more students (about $3,400) than attended from Texas.

18). The Texas district court jurisdiction is valid because they violated a tort of personal property and injury to Plaintiff Shelley and Dell employees in Texas. **Tort** laws are laws that offer remedies to individuals harmed by the unreasonable actions of others. **Tort** claims usually involve state **law** and are based on the legal premise that individuals are liable for the consequences of their conduct if it results in injury to others (McCarthy & Cambron-McCabe, 1992). The loss of the Dell Notebook computer worth $3,257, the loss of $40,000 from Plaintiff Shelley and Dell. Defendants and Duff obtained tuition and fees, the loss of Plaintiff $15,421.28 Dell 401k funds that Defendants, CSU and Duff obtained from Plaintiff Shelley for tuition, fees and expenses over thirteen (13) years.

19). The Court has personal jurisdiction over Defendants, CSU, Dell and Plaintiff Shelley.

CSU is a state university, but receives federal funds. The pleadings and the styled case

allows for Defendants, Colorado Board of Governors and CSU to be sued in state district

court in Texas.

This suit should be granted for jurisdiction, and because the pleadings support and state a

claim upon which relief may be granted for money damages. The Department of

Education has said that a suit is proper where an entity is located or conducts business.

And the Colorado Board of Governors, CSU and Duff certainly conducted business in

Texas in multiple ways and on several occasions. Deceptive and bad business with

Plaintiff Shelley, Brenda Sabbagh, Robert Schneider and other Dell Inc., employees from 2001 to 2013. See Exhibit 2.

20). CSU had a business relationship in Texas by obtaining and operating a business contract to train over ten (10) Dell Inc. employees. Plaintiff Shelley was one of these ten (10) CSU and Duff manufacturing simulation students. CSU and Duff through their distance students program had a contract to pay fees and expenses for their education, which was the product of the Colorado Board of Governors and CSU. Plaintiff Shelley is alleging that money damages arose from or related to these Colorado Board of Governors, CSU and Duff activities while operating in Texas. The Colorado Board of Governors, CSU and Duff benefited by approximately $17,000 for this business opportunity in Texas. Then, it is alleged that the Colorado Board of Governors, CSU and Duff benefited by $3,257 for a Dell Notebook Computer, $40,000 in tuition and expenses, $23,000 of National Science Foundation funds in tuition, expenses and fees, $15,000 from Dell stocks, $5,300 and $3,400 for expenses over thirteen years.

21). Defendant Duff works for the Colorado Board of Governors and CSU as a professor in the College of Engineering and as a professor of distance students in the On-line Distance Study Program. Defendants and Duff enrolls students to fill his on campus and off campus distance courses. Defendant Duff is an employee of the Colorado Board of Governors and CSU. Therefore, the lack of training and negligence by him falls as a liability on the Colorado Board of Governors and CSU as damages. The Colorado Board of Governors and CSU have insurance for negligence and tort damages caused by their professors. Defendant Duff works for the Colorado Board of Governors and CSU. And the Colorado Board of Governors and CSU is liable for his

actions while dealing with Texas businesses and Texas students. Defendants and Duff wanted to charge Dell students who did not attend the Dell manufacturing simulation course. I told him that this would be wrong and not to do this to Dell. Plaintiff Shelley is alleging that the Colorado Board of Governors, CSU and Duff charged for these Dell employees and when layoffs announcements' were made Plaintiff Shelley's name up sooner for lack of funds for him as a Dell Inc. employee. Defendant Duff and CSU base their annual budgets for raises, expenses, etc., on faculty to obtain more Colorado Board of Governors and CSU students. The Colorado Board of Governors, CSU and Duff noted this opportunity to obtain more monies through training and increased enrollments by coming to Texas. The bait and switch of conferring the PhD in May 13, 2005, and later saying take a lesser degree is a standard trick to reduce your negligence and liability. Plaintiff Shelley had designs on getting a job in New York or Alabama, but because of CSU and Duff bait and switch actions from PhD to masters this injured Plaintiff Shelley.

22). The Eleventh Amendment of the U.S. Constitution was ratified in 1798 in order to overrule the Supreme Court's decision that a South Carolina citizen could sue the state of Georgia for money damages. [Chisholm v. Ga., 2 U.S. 419 (1793)].

23). Plaintiff alleges that more torts actions were committed in Texas. And Texas Court is the only fair place for this trial. The Colorado Board of Governors and Duff generated this tort for Plaintiff Shelley conferring his PhD and PhD hooding in May 13, 2005. Incorrectly leading Plaintiff Shelley with the promise of being done with his PhD in Colorado and then creating Texas deceptive consumer protection Act, Texas Business Code violations, breaching one (told President Penley at CSU that he was

done) and two obtaining $1M manufacturing data from Dell Computer Corporation (Richard Komm) under the false intentions of helping Plaintiff Shelley at CSU.

24). CSU and Duff had three contracts and contacts with Plaintiff Shelley, over ten (10) years with Dell students and the Dell Inc. in Texas.

25). On November 29, 2011, CSU President Frank indicated by email that no retaliation would occur for reporting crimes or bad conduct by faculty, staff or students at CSU. Plaintiff Shelley reported the stolen Dell computer to President Frank. No reply or action was taken by President Frank's. Later, the CSU and Defendant Duff indicated that a receipt was available, but never given to Plaintiff Shelley.

## DAMAGES

1). Because of statutorily impermissible and willful, if not malicious, acts of Colorado State University, and its representative William S. Duff. Plaintiff Shelley has suffered loss of income, loss of benefits, loss of career opportunity, loss of career investment, and loss of advancement. As a consequence of the unlawful and outrageous actions of Colorado State University, Plaintiff Shelley has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish. Shelley seeks reinstatement with PhD credentials or monies back, compensatory and exemplary damages, punitive damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law.

## RELIEF REQUESTED

Several paragraphs of this complaint are incorporated by reference and made a part of Relief One through Relief Five inclusive.

## **EQUITABLE RELIEF**

### **Relief One**

Equitable and compensatory damages are the only means of securing adequate relief for Plaintiff Shelley.  He suffered, is now suffering, and will continue to suffer irreparable injury from Colorado State University unlawful conduct as set forth herein until and unless enjoined by the Court.

### Relief Two

Plaintiff Shelley is asking Colorado State University to refund in the amount of $3,252.67 plus interest for the Dell Notebook that Dr. William S. Duff obtained and did not return to Plaintiff Shelley.  Defendant Duff placed a negative photograph of the Statue of Liberty on the first computer that indicates a state of mind about the United States of America.  See Exhibit 8.

### Relief Three

Plaintiff Shelley request Colorado State University to refund $40,000 plus interest to Michael S. Dell and the Dell Inc., Plaintiff Shelley had an agreement with Vice Thurman Woodward to repay Dell the $40,000 after obtaining the PhD from Colorado State University and going to work at some Historic Black College University (HBCU) or Native American Indian Tribe in the United States.  This has not happened because of unequal treatment by Duff and other Defendants.

### Relief Four

Plaintiff Shelley is asking Colorado State University to return $23,000 to the National Science Foundation for educational and research funds obtained in a deceptive manner for him.

## PRAYER FOR RELIEF

Plaintiff Shelley requests the court grant reliefs to him as follows:

1). All equitable damages for violations for the Texas Deceptive Consumer Protection Act by Colorado State University;

2). compensatory damages for violation of the Texas Business Code by Colorado State University against Plaintiff Shelley

3). reasonable attorney's fees, together with his costs based upon the applicable statute;

4). all damages resulting from its breach of contract and agreement, and deceptive consumer treatment to the elderly.  Duff promised Richard Komm that he would send a copy of Plaintiff's Shelley dissertation to Dell, Inc.  This breach of contract was on May 3, 2013.

5). all damages resulting from its breach of agreement and bait and switch tactics on May 3, 2013 and February 6, 2014.  This is where Defendants imitated Plaintiff Shelley to take a master's degree for a PhD.  Duff and James attempted the first time and James and Joshua did the second.

6). all tort based damages for injuries suffered ($5,300) due to fall on April 17, 2013.

7). any and all other further relief as the Texas Court determines justice and equity to Plaintiff Shelley, the Dell Computer Corporation, and others..

Respectfully submitted,

Hershall Joseph Shelley, Pro Se

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing PLANTIFF SHELLEY's

AMENDED COMPLAINT has been served on Colorado Board of Governors (CSU) Attorney

Nan Hazel and Dell Attorney Paul Schlaud by US mail on the 21st day of, November, 2014.

Hershall J. Shelley

Hershall Joseph Shelley
2401 Greenlee Drive
Austin, Texas 78703
Tel: (512) 477-3136

Hershallshelley077@gmail.com

Attorney Nan Hazel
114 West 7th Street
Austin, Texas

and

Dell, Inc.,
Attorney Paul Schlaud
211 E 7th Street
Suite 620
Austin, Texas 78701

EXHIBIT 1

# Message from the CSU President

Important mainly because of the people in the conversation.
Click to teach Gmail this conversation is not important.

Inbox|x

**hshelley@engr.colostate.edu** 7/15/13

to me

--------------------------- Original Message ---------------------------
Subject: Message from the CSU President
From: "Tony Frank - President" <presofc@colostate.edu>
Date: Tue, November 29, 2011 7:26 pm
To: "Colorado State University Community" <RamNOTICE@colostate.edu>
-------------------------------------------------------------------------

Dear Colleagues and Students:

By now, we're all far more familiar than we want to be with the
deeply troubling allegations facing Penn State University. While
this case is likely to continue to play out for a long time to come,
every university in the country ought to be looking at it as a
tragic lesson in how an institution--and all of us as individuals--
must be prepared to respond when serious problems and allegations
arise. Colorado State University is a learning community and the
right to feel safe here is fundamental to the life and integrity of
this campus. Each of us has a responsibility, both ethical and
legal, to uphold the safety and well-being of our community and one
another.

I want to be extremely clear on this point.  It is my expectation—
and a requirement of state and federal law—that any members of our
staff, faculty, or student body at Colorado State University who
have reasonable grounds to believe that a crime has been committed
will immediately report the suspected crime to law enforcement
authorities. The laws also guarantee protections against retaliation
to those who bring such issues forward.

To put it even more plainly: Any one of us—no matter our role or
position at this university—is required by law to notify police if

EXHIBIT 1

we believe we have knowledge of a crime, and no matter who is involved in the alleged crime, your job or student status will not be jeopardized simply because you contacted the police. Retaliation or reprisal for reports of misconduct brought forward in good faith is strictly prohibited by Colorado law. No one on this campus—no matter their role or stature-is above the law, and bringing your concerns forward is the right thing to do. In many cases, a failure to report has more than just moral implications—it can result in severe financial and legal penalties against the institution and those involved.

The U.S. Department of Education and the courts have also made it clear that Title IX of the Education Amendments of 1972 offers all of us protection from sexual harassment or sexual violence in CSU educational programs and activities. Violations of Title IX and/or the University's discrimination policies—even if they don't rise to the level of criminal behavior—should be immediately reported to the Office of Equal Opportunity (http://oeod.colostate.edu/)

The following reporting mechanisms are freely available to the CSU community to bring issues of concern to the attention of the University and/or law enforcement:

Emergencies: 911
CSU Police Department: 970-491-6425 (http://police.colostate.edu/)
Fort Collins Police: 970-221-6540
CSU Compliance Reporting Hotline: 970-491-5552
(http://reportinghotline.colostate.edu/)
Mental Health and Safety Concerns—Tell Someone: 970-491-1350
(http://safety.colostate.edu/tell-someone.aspx)
Discrimination/Harassment—Contact the Office of Equal Opportunity:
970-491-5836 (http://oeod.colostate.edu/)

If you are interested in reviewing the applicable Colorado laws, they are posted on the CSUPD website:
http://police.colostate.edu/pages/requirement-to-report.aspx
http://www2.ed.gov/about/offices/list/ocr/sexharassresources.html
http://www2.ed.gov/admins/lead/safety/campus.html

In addition, as part of the University's ongoing obligation to report crime statistics on campus to the U.S. Department of Education, the University has detailed information available at www.safety.colostate.edu

This email provides an opportunity to make you aware of two of the newest mechanisms we've put in place to encourage people to come

EXHIBIT 1

forward if they have concerns. First is the new Compliance Reporting Hotline (http://reportinghotline.colostate.edu/). Colorado State University is committed to conducting its affairs transparently, ethically, and in compliance with all laws, regulations, and University policies, and all members of the University community are expected to share in this responsibility and to help prevent, detect, and address violations. To that end, University employees, students, and constituents may use the Compliance Reporting Hotline to report any such compliance issues. Reports can also be made anonymously using the Hotline.

The second resource is the University's Public Safety website, www.safety.colostate.edu, which supplies options for campus members to report concerning behavior of students or employees who may be struggling with stress or mental health issues. These reports will be evaluated confidentially and the proper intervention and assistance will be offered to individuals as needed, with utmost respect for the privacy and legal rights of all those involved. Please, if you are concerned about a student or an employee, tell someone.

The bottom line for each of us as individuals is simple: If you believe a crime has been committed, you are expected to contact the police. Colorado State University takes every allegation of illegal or unethical conduct seriously, and we have systems in place to ensure that all such reports are independently and thoughtfully reviewed and followed-up on through appropriate channels.

I am sorry to have to take such a serious tone, but this is a serious matter. As terrible as it is to say this, the allegations against Penn State could happen anywhere that people—even well-intentioned people- fail to uphold their legal and moral responsibilities to the law, society, and one another. If you have any questions about this, please don't hesitate to contact me and we will provide whatever clarification is necessary.

Thanks—

-tony

Dr. Tony Frank
President

EXHIBIT 2

## **AFFIDAVIT OF BRENDA L. SABBAGH**

Name: Brenda L. Sabbagh
Occupation: Engineer

I, Brenda L. Sabbagh, swear or affirm:

1. I currently reside at 312 Briarwood Ln, Sulphur Springs, Texas 75482.

2. I formerly worked at the Dell Inc., located in Austin, Texas.

3. I recall talking to Professsor Williams S. Duff during the time he conducted the Colorado State University (CSU) manufacturing simulation seminar at the Dell Inc., in Austin, Texas.

4. I never attended the CSU manufacturing simulation seminar taught by Professor Duff while it was held at the Dell Inc., located in Austin, Texas.

5. See email Exhibit B.

I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

7/21/2014          *Brenda L. Sabbagh*

Date 7/21/2014          Brenda L. Sabbagh

STATE OF TEXAS
COUNTY OF HOPKINS

I, the undersigned Notary Public, do hereby affirm that Brenda L.Sabbagh personally appeared before me on the 21st day of July 2014, and signed the above Affidavit as a free and voluntary act and deed.

Notary Public



LAURA GRIGGS
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-31-2016

EXHIBIT 3

Tim,

I had mixed results on my student evaluations last academic year. Everything that was down has improved substantially. ME409, which was (inexplicably) the worst, I completely turned around.

|  | Good Teacher? | |
| --- | --- | --- |
|  | Agree | Disagree |
| ME409 Spring 1999 | 14% | 71% |
| ME409 Spring 2000 | 86% | 0% |

The evaluation summary and a couple of student comments are attached.

Bill

EXHIBIT 4

Dr. Wilson,

1. I am requesting that you resign from Don Lynch's PhD committee. This has been a very difficult decision for me, because it is something I have never come close to having to do in the 30 years that I have been at CSU. However, there are problems that have arisen iour committee membership have never happened before. These problems relate to your unwillingness to accept standards that have been applied to distance students in the Mechanical Engineering Department's Industrial Engineering and Engineering Management graduate programs, standards that have been accepted by department faculty and department heads for over 30 years. Specifically, these relate to procedures for setting up a distance student's program of study, acceptance of Masters level work, use of specific targeted 4xx level courses and acceptance of appropriate transfer coursework. For a variety of reasons, distance students in the Industrial Engineering graduate program have always been asked to meet standards that are closer to the overall University standards, rather than the more restrictive departmental standards. I do not believe that you have made an effort to understand the reasons why there is an alternate set of standards for Industrial Engineering and Engineering Management distance students nor to evaluate the candidate's technical submissions. At this point I <u>do not have the confidence</u> that you can <u>act fairly</u> as one of the candidate's committee members.

William S. Duff

EXHIBIT 5

Case 1:14-cv-00516  Document 1-2  Filed 06/03/14  Page 16 of 24

Monterey March 2005

# Graduation

## THE COLLEGE OF ENGINEERING IS EXTREMELY PROUD TO ANNOUNCE ITS SPRING 2005 GRADUATES

**ᵛ SUMMA CUM LAUDE   ◆ MAGNA CUM LAUDE   ▢ CUM LAUDE**

The Daily Monitor Outdoor 5

ALLOWED TO
GRADED & TA AND
PLACED IN PUBLIC
DOMAIN

EXHIBIT 6

## AFFIDAVIT OF RICHARD KOMM

Name: Richard Komm
Occupation: Director of Supply Engineering

I, Richard Komm, swear or affirm to the following facts:

1. I currently reside at 1303 Crimson Clover, CT, Round Rock, Texas 78665.

2. I formerly worked at the Dell Inc., located in Austin, Texas..

3. I recall talking to Professsor Williams S. Duff at Colorado State University (CSU) about Dell data that was requested and used for Hershall J. Shelley's dissertation.

4. During the end of the discussions and exchange of Dell manufacturing data and spreadsheets for Hershall J. Shelley dissertation. Professor William Duff said that he was thankful and agreed to send by Hershall, a copy of Hershall Shelley's dissertation to the Dell Inc.

I SWEAR OR AFFIRM THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

10-30-14

Date 10/30/2014       Richard Komm

LORETTA ANN VOELKER
Notary Public, State of Texas
My Commission Expires
MAY 28, 2018

STATE OF TEXAS
COUNTY OF TRAVIS *Williamson*

I, the undersigned Notary Public, do hereby affirm that Richard Komm personally appeared before me on the 30th day of October 2014, and signed the above Affidavit as his free and voluntary act and deed.

Notary Public

*EXHIBIT 7*

# DELL

This is your **ACKNOWLEDGMENT**                    Page: 1 of 2

FID Number: 74-2616805
Sales Rep: ALISON FINN
Fax Sales: (800)426-5150
Sales Fax: (800)727-8320
Customer Service: (877)773-3355
Technical Support: (800)624-9896
Dell Online: http://www.dell.com

Customer Number: 014299750
Purchase Order:
Order Number: 603724014
Order Date: 07/06/01

04 01 A 01 01 N

Invoice Number: **603724014**

Invoice Date: 07/06/01
Payment Terms: AMERICAN EXPRESS
Shipped Via: UNAUTHORIZED
Waybill Number: 752080927121

SOLD TO:
=BWNHKPV
=0112 9975 02H   10.1 4019 1 AB 0.280 86199811 XRX 1 of 2
II...II..II..I..I...II....I..I....II..I..I...I...II
HERSHALL J SHELLEY
ENGINEERING SYSTEMS
2101 GREENLEE DR
AUSTIN TX 78703-1712

SHIP TO:
WILLIAM S DUFF
ENGINEERING SYSTEMS INC
1604 LINDENWOOD DR
FORT COLLINS CO 80524

PLEASE SEE IMPORTANT TERMS AND CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

*[handwritten: DR. W S DUFF SAID HE WAS GOING TO GIVE TO COLO STATE... PROGRAM OR PIP. ... NEVER WOULD ... 11/6/03]*

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 220-5670 | Latitude C600,1GHz,Pentium III 14.1,SXGA+,English | EA | 3,084.00 | 3,084.00 |
| 1 | 1 | 311-1724 | 128MB,1 DIMM,SDRAM; For Dell Latitude Notebooks,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 340-7943 | 20GB Hard Drive,9.5MM for Dell Latitude C800/C500 Notebooks, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 420-3054 | Windows 2000,Service Pack 1; English,for Dell Latitude C600 /C500 Notebooks,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 310-5566 | Grey Microsoft PS2,6 Pin,2 Button,Intellimouse for Dell Latitude Notebooks,Tied | EA | 0.00 | 0.00 |
| 1 | 1 | 430-3569 | TrueMobile 1150PC,Wireless, PCMCIA,Network Card for Dell Latitude Notebooks, Tied | EA | 0.00 | 0.00 |
| 1 | 1 | 313-0657 | Internal Actiontec Mini-PCI Modem for Dell Latitude C600/ C500/C800 Notebooks,Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2802 | 6-4-4-24X DVD with Software/CD Read Write Combo for Dell Latitude C600/C500/C800/L400 Notebooks,Factory Install | EA | 0.00 | 0.00 |

*[handwritten notes across description column: DR MEN ... ONE ... FOR ... WILL NOT AGREE ... TEAR UP WILL NOT ... MY EMAILED BACKUP'S ... 7/15/04]*

* Service contract may be subject to sales tax.
  Any on-site or other service covers core system response only.
PLEASE KEEP ORIGINAL BOX FOR ALL RETURNS THIS PURCHASE AMOUNT WILL BE SHOWN ON YOUR AMERICAN EXPRESS STATEMENT FOR PAYMENT.

# DELL

Invoice Number: 603724014
Customer Number: 014299750
Purchase Order:
Order Number: 603724014

| | | |
|---|---|---|
| Ship. &/or Handling | $ | 77.00 |
| Subtotal | $ | 3,161.00 |
| Taxable | Tax | |
| $   3,161.00 | $ | 91.67 |
| Total | $ | 3,252.67 |
| AMERICAN EXPRES | $ | 1,652.67 |
| VISA | $ | 1,600.00 |
| | $ | |
| Balance | $ | 0.00 |

EXHIBIT 8



**Hershall Shelley** <hershallshelley077@gmail.com>

Nov 18 (2 days ago)

Pau

l

Hello Attorney Schlaud,

Thanks for your email. I am alleging that the breach of contract occurred between, the Colorado Board of Governors, Dell and Hershall J. Shelley happened on October 25, 2013. This is the date that Colorado State University did not allow me to have an attorney present at my appeal. And would not allow my dissertation materials to be fairly reviewed like David Hodgson and Guag Jang. This is well within the statute of limitation for this case. See attachment below.

I did have a consultation with retired Judge Joel Bennett last Wednesday. He indicated that this type of case was not in his practice area. He suggested another attorney. And I have made an appointment with him.

Did you ever find out if the Dell Inc. will give me the invoice and list of Dell employees that attended the CSU simulation manufacturing seminar in December of 2001? Also, I need the emails between William Duff, Richard Komm and me in 2003 and 2004. And the emails from attorney Gracie Renberg, Richard Komm and me in 2007.

Best regards,

Hershall J. Shelley



**Paul Schlaud**

10:46 AM (7 hours ago)



m

e

**Dear Mr. Shelley:**

**In response to your question, Dell is investigating what materials may still exist that you reference below and I will update you when I know more.**

**With respect to the motion to dismiss, my client respectfully requests an answer to whether you will amend to drop it out of the case, or whether we need to have a hearing. If we need a hearing, could you please let us know which of the following**

EXHIBIT 8

dates works best for you:  December 16, 17, 18.   Please let me know at your earliest convenience, so I can get a hearing set (if needed).

If you have retained counsel, please have your counsel contact me at her/his convenience.

Thanks,

Paul