**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **HERSHALL JOSEPH SHELLEY** | § | |
| | § | |
| **v.** | § | **A-14-CA-516 LY** |
| | § | |
| | § | |
| **COLORADO STATE UNIV., et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Colorado State University's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 30); Defendant Dell Inc.'s Motion to Deny Joinder, or in the Alternative, to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 31); and Defendant Colorado Board of Governors' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 37); and the various Response and Reply briefs.[1]

The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

While Plaintiff Hershall Joseph Shelley ("Shelley"), a Texas resident, was employed at Dell Inc. in Austin, Texas, he enrolled in an online and distance graduate Ph.D. program in the

---

[1]Shelley filed a pleading entitled "Motion to Dismiss Defendant Colorado State University Motions to Dismiss."  It is more properly considered a response to CSU's motion to dismiss.  The only relief requested therein is to have the Court strike the Defendant's motion.  To that extent, the Court **DENIES** the motion (Dkt. No. 32).

Department of Mechanical Engineering at Colorado State University ("CSU"), located in Fort Collins, Colorado.  It appears that Shelley was also a fellow in the Alliances for Graduate Education and the Professoriate program ("AGEP") at CSU, a program run by the National Science Foundation to increase the number of minorities obtaining graduate degrees in science, technology, engineering and mathematics.  After CSU did not confer a Ph.D. degree on Shelley, he filed this lawsuit *pro se* in the 200th Judicial District Court of Travis County, Texas, alleging state law claims for breach of contract, age and race discrimination, and claims under the Texas Deceptive Consumer Protection Act and the Texas Business Code.  *See Shelley v. Colorado State University*, No. D-1-GN-14-001245 (200th Dist. Ct., Travis County, Tex. Apr. 30, 2014).

On June 3, 2014, CSU removed the case on the basis of diversity jurisdiction.  Shortly thereafter, CSU filed a Motion to Dismiss arguing that Shelley's lawsuit should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6).  In the alternative, CSU sought a more definite statement.  On September 25, 2014, the undersigned issued a Report and Recommendation recommending that CSU's Motion to Dismiss be denied and that Shelley be permitted to file an amended complaint that "complies with Rule 8."  *See* Dkt. No 15.  On November 6, 2014, Judge Yeakel adopted in part and rejected in part the Report and Recommendation.  Dkt. No. 24.  He adopted the recommendation to permit Shelley to file an amended complaint, but altered the "denial" of the Motion to Dismiss to a dismissal without prejudice to refiling.

On November 21, 2014, Shelley filed his Amended Complaint and added the Colorado Board of Governors and Dell Inc. as defendants in this case.  See Dkt. No. 25.  Shelley's Amended Complaint continues to allege various state law causes of action including breach of contract, age and race discrimination, and claims under the Texas Deceptive Consumer Protection Act, the Texas

Human Resources Code, the Texas Business Code and the Texas Penal Code. Shelley's Amended Complaint does not allege any federal causes of action.[2]

After this case was removed to federal court, Shelley filed another lawsuit against the Colorado Board of Governors and Dell Inc. in state court alleging identical causes of action as the instant case. *See Shelley v. Colorado Board of Governors and Dell Inc.*, No. D-1-GN-14-003625 (345th Dist. Ct., Travis County, Tex. Sept. 12, 2014). On December 18, 2014, the state district court granted Dell's Rule 91a Motion to Dismiss in its entirety. Dkt. # 34-1 at Exh. 3. On January 8, 2015, the state court dismissed all of Shelley's claims against the Board of Governors except "claims of discrimination based on age and race." Dkt. No. 39 at Exh. A-3.

## II.  ANALYSIS

### A.  Colorado State University's Motion to Dismiss (Dkt. No. 30)

CSU moves to dismiss Shelley's Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b), for Shelley's failure to follow the Court's order in amending his complaint, for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and for lack of jurisdiction, pursuant to Rules 12(b)(1) and 12(b)(2).

### 1.  <u>Subject Matter Jurisdiction</u>

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ( "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . . ."); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.), *cert. denied,* 536 U.S. 960 (2002).

---

[2]While Shelley mentions 42 U.S.C. § 1981 in his responsive briefs to the Motions to Dismiss, he does not include such a claim in his Amended Complaint. Dkt. Nos. 32 & 41 at 3.

CSU argues that this Court lacks subject matter jurisdiction over CSU because it is immune from suit under the Eleventh Amendment[3] of the United States Constitution. The Court disagrees. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. Amend. XI. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Protection and Advocacy v. Stewart,* 131 S.Ct. 1632, 1638 (2011). Accordingly, absent a waiver or valid abrogation, "federal courts may not entertain a private person's suit against a State." *Id.* at 1638. It is well-established that sovereign immunity applies not only to actions where a state is actually named as a defendant, but also to "ceratin actions against state agents and state instrumentalities." *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

CSU and its Board of Governors are considered state entities under Colorado law. *See* Colo. Const. art. VIII, § 5 (recognizing CSU as a "state institution of higher education. . .subject to the control of the state."); Colo. Rev. Stat. §24-18-104(9) (state ethics code classifies statute institutions of higher learning as state agencies); *Ruotsinoja v. Bd. of Governors of the Colorado State Univ. Sys.,* 2014 WL 2057773, *3 (D. Colo. May 19, 2014) ("CSU and its Board are an arm-of-the-

---

[3]While sovereign immunity is often referred to as "Eleventh Amendment immunity," the Supreme Court has noted that such a phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). As the Supreme Court explained in *Alden*, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . . ." *Id.* Regardless, courts continue to use "Eleventh Amendment immunity" and "sovereign immunity" interchangeably.

state.").[4]  Under this line of cases, CSU is entitled to assert sovereign immunity.  The question is

whether CSU waived its sovereign immunity by removing this case to federal court.

　　While sovereign immunity grants immunity from suit in federal court, a state may waive its

jurisdictional immunity by voluntarily invoking the federal court's jurisdiction.  *College Sav. Bank*

*v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999).  In *Lapides v. Bd.*

*of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002), the Supreme Court held that a State

waives its Eleventh Amendment immunity when it removes a case to federal court.  *Id.* at 624.

"'[W]here a State voluntarily becomes a party to a cause and submits its rights for judicial

determination, it will be bound thereby and cannot escape the result of its own voluntary act by

invoking the prohibitions of the Eleventh Amendment.'"  *Id.* at 619 (*quoting Gunter v. Atl. Coast*

*Line R.R. Co.*, 200 U.S. 273, 284 (1906)).  As the Court explained,

> [i]t would seem anomalous or inconsistent for a State both (1) to invoke federal
> jurisdiction, thereby contending that the 'Judicial power of the United States' extends
> to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying
> that the 'Judicial power of the United States' extends to the case at hand. And a
> Constitution that permitted States to follow their litigation interests by freely
> asserting both claims in the same case could generate seriously unfair results.

*Id.*

　　By voluntarily removing this case to federal court, CSU waived its immunity from suit in

federal court.  The Court finds CSU's attempts to distinguish *Lapides* from the instant case are

unconvincing.  CSU argues that *Lapides* should be interpreted narrowly and limited "to the case's

unique facts where, 'in the context of state-law claims, the State has explicitly waived immunity

from suit in state-court proceedings'" CSU's Motion to Dismiss at p. 16.  The Fifth Circuit has

---

[4]*See also, Lewis v. Univ. of Texas Med. Branch at Galveston,* 665 F.3d 625, 630 (5th Cir.
2011) (holding that university as a state agency was entitled to immunity from § 1983 suit despite
fact that plaintiff was seeking prospective injunctive relief).

explicitly rejected this narrow interpretation of *Lapides*.  In *Meyers v. Texas,* 410 F.3d 236 (5th Cir. 2005), *cert denied*, 550 U.S. 917 (2007),[5] the plaintiffs, relying on *Lapides*, argued that the state had waived its state sovereign immunity to its federal claims by removing the case to federal court. Texas argued that *Lapides* did not apply to it because its holding was limited to suits based on state law claims in respect to which the state had waived its immunity in its own courts.  The Fifth Circuit rejected this argument and held that in light of *Lapides,* a state waives its immunity from suit in federal court when it removes a private suit involving state or federal claims from state court to federal district court.  *Id.* at 243-50. The Fifth Circuit explained its reasoning as follows:

> Although the Supreme Court in *Lapides* circumspectly did not address any issue unnecessary to its decision, we believe that *Lapides's* interpretation of the voluntary invocation principle, as including the waiver-by-removal rule, applies generally to any private suit which a state removes to federal court. There is no evident basis in law or judicial administration for severely limiting those general principles, or *Lapides's* substantial overruling of *Ford Motor Co. v. Dep't of Treasury of State of Indiana*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), to a small sub-set of federal cases including only state-law claims in respect to which a state has waived immunity therefrom in state court.
>
> ***
>
> The [Supreme] Court expressly limited its answer in response to the certiorari question to the context of "state law claims, in respect to which the State had waived immunity in its own courts." However, in formulating its rationale, the Court did not restrict itself to facts, rules, or reasons peculiar to the *Lapides* case. Rather, throughout its opinion, the Court's reasoning, rule-making, and choice of precepts were derived from generally applicable principles serving "the judicial need to avoid inconsistency, anomaly, and unfairness" in states' claims of immunity in all types of federal litigation.

---

[5]As CSU notes, not all of the Courts of Appeal agree with the Fifth Circuit's broad reading of *Lapides*.  *See e.g., Bergemann v. Rhode Island Dept. of Envtl. Mgmt.*, 665 F.3d 336, 342-43 (1st Cir. 2011); *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005); *Watters v. Washington Metropolitan Area Transit Authority*, 295 F.3d 36, 42 n. 13 (D.C. Cir. 2002), *cert. denied*, 538 U.S. 922 (2003).  This Court is bound to follow the Fifth Circuit's reading of *Lapides*, however.

*Id.* at 242, 244 (internal citations omitted).  Thus, CSU's argument that *Lapides* should only be applied to the specific facts of the case has been rejected by the Fifth Circuit.

CSU also argues that the waiver-by-removal rule should not apply to its removal of this case because it was not attempting to gain a tactical advantage by removing the case to federal court.  "A benign motive, however, cannot make the critical difference for which [a defendant] hopes.  Motives are difficult to evaluate, while jurisdiction rules should be clear." *Lapides*, 535 U.S. at 621.  Thus, in *Lapides*, the Supreme Court rejected the state's argument that the waiver-by-removal rule should not apply to it because it had only benign motives and allegedly was not removing the case to gain litigation advantages for itself.  *Id.*  The Court explained: "To adopt the State's Eleventh Amendment position would permit States to achieve unfair tactical advantages, if not in this case, in others.  And that being so, the rationale for applying the general 'voluntary invocation' principle is as strong here, in the context of removal, as elsewhere."  *Id.  See also, Meyers*, 410 F.3d at 249 ("[t]he voluntary invocation principle applies generally in all cases for the sake of consistency, in order to prevent and ward off all actual and potential unfairness, whether egregious or seemingly innocuous.").

CSU also argues that the holding in *Lapides* should be limited to cases in which a state was sued in its own state court and then sought removal to federal court.  CSU reasons: "Had CSU been sued in Colorado state court and then removed to federal court in Colorado, CSU might have been held to waived its immunity by removal. . . . Here, however, CSU—a Colorado university —was hailed involuntarily into a Texas court." Dkt. No. 37 at 16.  Nothing in *Lapides* supports making this distinction.  Such a holding would be illogical given the fact that "the Eleventh Amendment on its face bars only claims by a citizen against a different state." 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3524.

(3d ed. 2008).  It was not until 1890, when the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the Eleventh Amendment applies to claims against a state *by one of its own citizens* that federal courts uniformly interpreted the Eleventh Amendment to apply to suits brought against a state by its own citizens.  As the Supreme Court in *Lapides* acknowledged: "The Eleventh Amendment grants a State immunity from suit in federal court *by citizens of other States*, U.S. Const., Amdt. 11, and by its own citizens as well. . . ."  *Lapides*, 535 U.S. at 616 (emphasis added).  Thus, any argument that the Eleventh Amendment or the waiver of its application would be limited to cases where a state is sued by one of its own citizens would be non-sensical, and CSU fails to cite to any decision that supports this interpretation of *Lapides*.

CSU also attempts to avoid the application of *Lapides* by relying on the Fifth Circuit's holding in *Rodriguez v. Transnave, Inc.*, 8 F.3d 284 (5th Cir. 1993).  CSU's reliance on *Rodriguez* is misplaced.  In *Rodriguez*, an Ecuadorian sailor who was injured in a fire aboard a Ecuadorian-flagged vessel, filed a personal injury lawsuit in Texas state court under the Jones Act and general maritime laws of the United States.  The defendant, Ecuadorian Transnave, a state naval entity of Ecuador, removed the case to federal court under 28 U.S.C. § 1441(d), the removal provision applicable to civil actions brought against a foreign state as defined in the Foreign Sovereign Immunities Act ("FSIA").  The defendant filed a motion to dismiss arguing that it was entitled to sovereign immunity under the FSIA, but the district court denied the motion finding that the defendant had implicitly waived its sovereign immunity.  The Fifth Circuit reversed finding that the defendant had not waived its defense under the FSIA. The Court acknowledged that the FSIA "sets forth 'the sole and exclusive standards to be used' to resolve all sovereign immunity issues raised in federal and state courts."  *Id.* at 287.  See also, 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER

& EDWARD H. COOPER,  FEDERAL PRACTICE AND PROCEDURE § 3662 (4th ed. 2013). With regard

to the district court's waiver-by-removal finding, the Court reasoned the following:

> But removal by a foreign sovereign is explicitly authorized by 28 U.S.C. § 1441(d) and clearly cannot constitute a waiver. The legislative history of the FSIA emphasizes that, in view of the potential sensitivity of actions against foreign states and the importance of developing a uniform body of law in this area, 'it is important to give foreign states clear authority to remove to a federal forum actions brought against them in the state courts.'
>
> ***
>
> Whether a defendant is entitled to sovereign immunity is a federal question, and Congress by enacting 28 U.S.C. § 1441(d) clearly indicated a preference that federal courts hear such cases

*Id.* at 288-89 (internal citations omitted).  The Fifth Circuit's holding in *Rodriquez* is clearly limited

to cases involving the FSIA and is obviously not applicable to the instant case.[6]

Based upon the foregoing, the Court finds that CSU waived its sovereign immunity from suit

by voluntarily invoking this court's jurisdiction by removing this case to federal court.[7]

### 2.      Personal Jurisdiction

CSU argues that the Court lacks personal jurisdiction over it because CSU is not a proper

defendant under Colorado law.  The Court agrees.

---

[6]The Court also notes that the Fifth Circuit issued its decision in *Rodriguez* nine years before the Supreme Court's holding in *Lapides*.  As noted, *Lapides* overruled *Ford Motor Co. v. Dep't of Treasury of State of Indiana* , 323 U.S. 459 (1945), a decision handed down in 1945.

[7]The Court notes that there is a distinction between immunity from suit in federal court, which a state may waive by removal to federal court, and immunity from liability.  *See Meyers ex. Rel. Benzing v. Texas*, 410 F.3d 236, 253 (5th Cir. 2005).  *In Meyers,* the Fifth Circuit held "that a sovereign enjoys two kinds of immunity that it may choose to waive or retain separately– immunity from suit and immunity from liability."  *Id.* at 252-3.  Thus, a state that waives its immunity from suit in a federal forum, may still invoke an immunity defense to liability that it would have enjoyed in state court under state law.

Under Colorado law, CSU and the Board of Governors of CSU ("the Board") are two separate entities and only the Board is capable of being sued.  As the Tenth Circuit explained in *Persik v. Colorado State University*, 60 F. App'x 209, 211 (10th Cir. 2003):

> Under the statutory scheme which created [the Board] and CSU as separate entities, the [Board] is given general control and supervisory power including power to adopt regulations to secure the successful operation of the university, hiring authority, and complete financial control over CSU. [The Board] was constituted as a body corporate, capable in law of suing and being sued. However, the statutes and constitutional provisions pertaining to CSU contain no similar grant. CSU is powerless to comply with [a] district court's order on its own, and *is not an entity capable of being sued.*

*Id.* at 211 (internal quotations and citations omitted).  Thus, the Board is "the entity in financial control of CSU and apparently the only entity capable of being sued under state law." *Roberts v. State Board of Agriculture*, 998 F.2d 824, 826 & n. 1 (10th Cir.1993).  Because CSU is not a proper party, CSU's Motion to Dismiss under Rule 12(b)(2) (Dkt. No. 30) should be granted.  *See Persik*, 60 F. App'x at 211 ("Because CSU is not subject to suit and cannot provide the relief requested. . .the dismissal of CSU is correct as a matter of law."); *Drake v. City and County of Denver*, 953 F. Supp. 1150, 1156, n. 3 (D. Colo. 1997) (noting that CSU was not the proper defendant in a suit against the university).[8]

## B.      The Board of Governors' Motion to Dismiss (Dkt. No. 37)

The Board also moves to dismiss Shelley's Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b), for failure to follow the Court's Order in amending his complaint, for failing to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and for lack of

---

[8]Because the Court finds that the Motion to Dismiss under 12(b)(2) should be granted on this basis, the Court need not address CSU's alternative arguments.

jurisdiction, pursuant to Rules 12(b)(1) and 12(b)(2).  As noted above, the Court must address the Rule 12(b)(1) Motion to Dismiss first.

### 1.    Subject Matter Jurisdiction

The Board argues that Shelley's claims against it are barred by the doctrine of sovereign immunity.  Shelley does not dispute that the Board is a state instrumentality or "arm of the state" of Colorado.  See Colo. Const. art. VIII, § 5 (recognizing CSU as a "state institution of higher education. . .subject to the control of the state."); *Ruotsinoja,* 2014 WL 2057773 at * 5 (holding that the Board of Governors is "an arm-of-the-state"); *Drake*, 953 F. Supp. at 1156  (holding that plaintiff's claims against SBA [predecessor of the Board] were barred by the Eleventh Amendment]. However, Shelley argues that the Board waived its immunity by removing this case to federal court. While the Court has found that CSU has waived its sovereign immunity by removing this case to federal court, the Board—which is a separate entity from CSU—was not a defendant in the case at the time of removal and thus was not a party to the removal of the case to federal court.[9] Accordingly, the Board did not waive its sovereign immunity since it did not voluntarily invoke federal jurisdiction by removing this case to federal court.

Similarly, the Board did not waive its sovereign immunity by filing its Motion to Dismiss. *See Faulk v. Union Pacific R. Co.,* 449 F. App'x 357, 363 (5th Cir. 2011) (holding that State did not

---

[9]*See Kozaczek v. New York Higher Educ. Services Corp*., 503 F. App'x 60, 62 (2nd Cir. 2012) (finding that state defendant had not been properly served at the time co-defendant removed the case to federal court and therefore did not consent to removal of case to federal court and thus did not waive sovereign immunity); *Mink v. Arizona*, 2010 WL 2594355, at *4 (D. Ariz. June 23, 2010) (finding that state defendants "never acted in the removal" of the case to federal court where co-defendant had actually removed case and thus state defendants did not waive their sovereign immunity); *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 547 (5th Cir. 2006) ("... a state may find itself in a case removed to federal court without having joined in the removal. Such a state, having taken no affirmative act, has not waived immunity and can still assert it").

waive its Eleventh Amendment sovereign immunity where State appeared in federal court to defend a threat of default judgment and State expressly reserved its immunity in motion to intervene). Based on the foregoing, Shelley's claims against the Board are barred by sovereign immunity. Accordingly, the Board's Rule 12(b)(1) Motion to Dismiss Shelley's claims for lack of subject matter jurisdiction (Doc. No. 37) should be granted.[10]

### C.     Dell Inc.'s Motion to Deny Joinder (Doc. No. 31)

Dell Inc. ("Dell") has filed a Motion to Deny Joinder pursuant to 28 U.S.C. § 1447(e) or, in the Alternative, to Dismiss for Failure to State a Claim under Rule 12(b)(6).

### 1.     Motion to Deny Joinder

CSU removed this case to federal court on the basis of diversity jurisdiction.  Shelley's Amended Complaint attempts to name Dell, a non-diverse party, as a defendant in the case.  Because the Amended Complaint would add a non-diverse party that would destroy federal jurisdiction, Shelley was required to seek leave to add Dell as a defendant in this case. *See Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996) ("When an amendment will destroy diversity, leave of court is required...").  Dell argues that the Court should deny Shelley permission to add it as a defendant in the case pursuant to 28 U.S.C. § 1447(e).

28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  "[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.

---

[10]Because the Court finds that the Motion to Dismiss under 12(b)(1) should be granted on this basis, the Court need not address the Board's alternative arguments.

As stated by one court: "It is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1477 (3d ed. 2010) (quoting *Jacks v. Torrington Co.*, 256 F. Supp. 282, 287 (D.S.C. 1966)). When a party seeks to add a new, nondiverse defendant in a removed case, the district court must "scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989). In *Hensgens*, the Fifth Circuit pointed out certain factors courts should consider in determining whether to permit joinder of non-diverse parties, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In this case, the *Hensgens* factors weigh against allowing the joinder of Dell in this case. First, it appears that the purpose of the amendment in this case was to defeat diversity jurisdiction. Shelley obviously knew of Dell's activities at the time he filed this lawsuit in state court, yet waited seven months after the case was removed to federal court to add Dell as a defendant in the case. *See Anzures v. Prologis Tex. I LLC*, 886 F. Supp.2d 555, 562 (W.D. Tex. 2012) ("When district courts in the Fifth Circuit analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." (internal quotation marks omitted)).

Under the first *Hensgens* factor, courts also look to whether the plaintiff has asserted a cognizable claim against the proposed defendant. *Peters v. Am. S. Home Ins. Co.*, 2006 WL

2505362, at *2 (W.D. La. July 17, 2006). While Shelley's Amended Complaint names Dell as a defendant in the case, it focuses entirely on his dealings with CSU and fails to state a colorable claim against Dell. As Dell points out, it appears that Shelley is merely seeking certain documents from Dell and has not asserted any claims against it. *See* Dkt. No. 25 at 8 ("Plaintiff Shelley is suing the Dell Inc. For that list of final names and why they let Duff and CSU deceive them"). Because Shelley has failed to allege a viable claim against Dell, the first *Hengens* factor weighs heavily against allowing leave to amend. *Smith v. Robin America, Inc.,* 2009 WL2485589, at * 5 (S.D. Tex. Aug. 7, 2009).

The other *Hengens* factors also weighs against allowing leave to amend. Shelley did not attempt to add Dell until November 2014, seven months after this case was removed to federal court. Further, Shelley will not be prejudiced if the amendment is not allowed. As stated above, Shelley has failed to state a colorable claim against Dell. In addition, Shelley has filed a parallel lawsuit against Dell in state court which has been reviewed on the merits. *See Shelley v. Colorado Bd. of Governors and Dell Inc.*, No. D-1-GN-14-003625 (345th Dist. Ct., Travis County, Tex. Sept. 12, 2014). Thus, Shelley cannot show that he will be significantly injured if he is unable to add Dell as a defendant in this case. Accordingly, the equities in this case weigh against granting leave to amend. *See Whitworth*, 914 F. Supp. at 1435 ("When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." (citing *Hensgens*, 833 F.2d at 1182)). Based upon the foregoing, the Court recommends that Dell's (Dkt. No. 31) Motion to Deny Joinder is granted.[11]

---

[11]Because the Court finds that Dell should not be joined as a defendant in this case, the Court need not address Dell's alternative Motion to Dismiss under Rule 12(b)(6).

D.      **Shelley's Amended Complaint and Rule 41(b)**

As noted above, the Court need not address CSU and the Board's arguments that Shelley's Amended Complaint should be dismissed under Federal Rule of Civil Procedure Rule 41(b) for failure to comply with Rule 8 and the Court's previous orders. However, the Court agrees with Defendants that Shelley's Amended Complaint fails to comply with the Court's instructions[12] for filing an Amended Complaint and thus could also be dismissed under Rule 41(b) for failure to comply with rules of procedure and a Court Order.  *See Union Pacific R. Co. v. Brotherhood of Locomotive Engineers and Trainmen*, 558 U.S. 67, 85 n. 9 (2009).

## III.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT** Colorado State University's Motion to Dismiss under Rule 12(b)(2) (Dkt. No. 30) for lack of personal jurisdiction. The Court **FURTHER RECOMMENDS** that the District Judge **GRANT** Colorado Board of Governor's Motion to Dismiss under Rule 12(b)(1) (Dkt. No. 37) for lack of subject matter jurisdiction.  The Court **FURTHER RECOMMENDS** that the District Judge **GRANT** Dell Inc.'s Motion to Deny Joinder (Dkt. No. 31) pursuant to 28 U.S.C. § 1447(e).  The Court further  **RECOMMENDS** that the district judge **DISMISS WITHOUT PREJUDICE** the remainder of the arguments raised in these motions.  Finally, the Court **RECOMMENDS** that the District Judge enter **Final Judgment** in this case against Plaintiff Hershall Joseph Shelley.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are

---

[12]*See* Dkt. No. 15 at 4-5.

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE